United States District Court　　　Southern District of Texas

| | | |
|---|---|---|
| Fugro-McClelland Marine Geosciences, Inc., | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Civil Action H-07-2734 |
| Ocean Services, L.L.C., and Ocean Leader Holdings, L.L.C., | | |
| Defendants. | | |

## Opinion on Partial Summary Judgment

1.  *Introduction.*

    An oceanographic surveyor chartered a ship that sank. The surveyor lost its equipment that was on board, and it hired a substitute ship. The charterer says the surveyor waived its liability. Equipment losses may not be recovered, but the surveyor may recover the hire for replacement to the extent that it exceeds the original hire.

2.  *Background.*

    Fugro-McClelland Marine Geosciences, Inc., chartered the *Ocean Leader* from Ocean Services, LLC, with a crew. Fugro used it to survey the structure of the floor of the Gulf of Mexico for ability to support drilling rigs and platforms.

    Six months into the charter, the *Leader* sank in a storm. To complete its work, Fugro chartered a substitute ship. Furgo also had to replace its equipment that had been aboard the *Leader*. Fugro seeks to recover lost equipment and the cost of substitution. Ocean imposes the charter where Fugro agreed that Ocean would not be liable.

3.  *Equipment.*

    Article 12 of the agreement precludes Fugro from recovering for its lost equipment. Under the contract, Ocean is not liable for Fugro's equipment, and Fugro is not liable for the ship. This includes losses from unseaworthiness. If Fugro wanted its equipment to become

Ocean's responsibility aboard the Leader, it could have negotiated for it. The expected value of the potential loss would have been included in the charter hire. Furgo chose to take the risk of loss or to buy its own insurance; having agreed that Ocean would not be held responsible, it is bound by its agreement. Furgo cannot recover $3,463,411.00 in lost equipment.

4. *Substitute Vessel.*

Each party is responsible for his own direct damages, but article 16 of the agreement relieves Ocean and Fugro of their responsibility to pay consequential damages. Naturally, Fugro says the substitution cost is a direct damage, and Ocean contends it is a consequential damage.

Direct damages are measured by the value of the promised performance, while consequential damages are additional losses resulting from the breach. *See generally, El Paso Development Co. v. Ravel*, 339 S.W.2d 360, 363 (Tex. App. 1960). Here, the promised performance was a means of water transportation.

The cost of Ocean's performance is set by the contract at $3,869,000. Furgo paid for one-year's use of a ship, but it had only six months' use. Fugro asks for the difference between the contract price and the price it reasonably paid for a substitute ship. Mitigating a direct damage – loss of use – does not convert it to a consequential damage. If Ocean is responsible for the ship sinking, Fugro may recover its reasonable costs to mitigate.

5. *Parties.*

Fugro contracted with Ocean Services, LLC, not Ocean Leader Holdings, LLC. Ocean Services itself hired the *Ocean* from Ocean Leader Holdings. Fugro may only seek relief from Ocean Services.

6. *Conclusion.*

Fugro is prohibited from recovering equipment losses. Fugro may recover from Ocean Services, LLC, the substitution cost measured by the difference between the original charter hire and the substitute charter hire.

Signed on April 9, 2008, at Houston, Texas.

Lynn N. Hughes   USDJ
United States District Judge